UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIAS DE LA GARZA, d/b/a ELIAS DE LA GARZA INSURANCE | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-cv-3721 |
| TEXAS DEPARTMENT OF INSURANCE and COMMISSIONER OF INSURANCE MIKE GEESLIN, BEVERLY A. ROSENDAHL, and ROBERT PARCHMAN | § § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendants Texas Department of Insurance, Texas Commissioner of Insurance Mike Geeslin, Beverly Rosendahl, and Robert Parchman's Motion to Dismiss. (Doc. No. 25.) Defendants seek dismissal of this action because of Plaintiff Elias De La Garza's failure to follow this Court's order either to appear pro se or to secure new counsel following the death of his previous counsel and the withdrawal of his previous counsel's firm. *See* Doc. Nos. 22, 24.

Mr. De La Garza brought this action in October 2011. His allegations of malicious prosecution under Texas state law and the denial of due process under both the United States and Texas constitutions arise from events related to the 2009 revocation of his licenses to sell insurance in Texas. About nine months after Mr. De La Garza filed this case, his counsel, David James Van Susteren, died unexpectedly. (Doc. No. 20.) Mr. Van Susteren's law firm subsequently sought to withdraw from the case, a request which this Court granted. Doc. Nos. 22, 24. His law firm also requested a stay in order to allow Mr. De La Garza to seek new counsel, a request which this Court also granted. Doc. Nos. 21, 23.

In its Order permitting Mr. Van Susteren's firm to withdraw, the Court required Mr. De La Garza to, "within forty-five (45) days of the date of this Order, either: (a) retain new counsel, and new counsel shall file a Notice of Appearance, or (b) file a Notice of Intent to Proceed *Pro Se*." Doc. No. 24 at 2. The forty-five day period elapsed on September 21, 2013. In addition, the Court granted a ninety-day stay in order to allow Mr. De La Garza to secure counsel and for counsel to prepare to proceed. That ninety-day stay elapsed on November 5, 2013. To date, however, no counsel has entered an appearance for Mr. De La Garza, and he has not filed a Notice of Intent to Proceed Pro Se, as the Court's Order required.

Over a period of months stretching throughout the autumn of 2013 and into the winter of 2014, the Court attempted to contact Mr. De La Garza several times by both facsimile and telephone. Mr. De La Garza failed to respond at all. Defendants filed their Motion to Dismiss in late December 2013. After Mr. De La Garza also failed to respond to Defendants' Motion, the Court set the matter for a hearing on February 28, 2014. That morning, Mr. De La Garza finally responded to the Court's repeated inquiries. Mr. De La Garza appeared at the hearing and requested more time to find counsel. He also explained that his contact information had changed, but that he had failed to notify the Court. Noting the case's history and its own previous orders, as well as the substantial delay, the Court nevertheless allowed Mr. De La Garza an additional fifteen days in which to file a response to Defendants' Motion to Dismiss. The Court warned Mr. De La Garza in no uncertain terms that the case would be dismissed if he did not respond to Defendants' Motion within that time period. Over thirty days have passed since that hearing, but Mr. De La Garza still has not responded in any way whatsoever to the Motion to Dismiss, nor has he otherwise contacted the Court. Moreover, it remains the case that no counsel has entered an appearance for Mr. De La Garza, and he has not filed a Notice of Intent to Proceed Pro Se.

Defendants seek dismissal of the case under Federal Rules of Civil Procedure 16(f)(1)(c) and 41(b), arguing that Mr. De La Garza's failure to comply with the Court's orders requires dismissal with prejudice. Courts, including this one, do not take dismissal lightly. This is particularly true when the dismissal is with prejudice. *See McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) ("[A] dismissal with prejudice for failure to prosecute is an extreme sanction."); *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) ("The cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases." (internal quotation marks and citation omitted)). Though it is not deciding the issue, the Court is concerned that at least some of Mr. De La Garza's claims may be barred by limitations should he seek to bring them again. Thus, in an abundance of caution, the Court will proceed as though any dismissal would effectively be a dismissal with prejudice. *See Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) ("Where, however, the statute of limitations prevents *or arguably may prevent* a party from refiling his case after it has been dismissed, we fail to see how a dismissal without prejudice is any less severe a sanction than a dismissal with prejudice.") (emphasis added).

"On motion or on its own," a court, pursuant to Rule 16(f)(1)(c), may impose "any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 41(b) empowers a court to dismiss a case "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Courts are to evaluate dismissal with prejudice under either Rule 16(f) or Rule 41(b) according to the same standards. *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) ("The same criteria developed for evaluating dismissals for failure to prosecute under Fed. R. Civ. P. 41(b) are to be applied in a rule 16(f) case.") (citing *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1518-19 (5th Cir. 1985)).

The Fifth Circuit will affirm a dismissal with prejudice under Rule 41(b) only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted); *see, e.g.*, *S.E.C. v. First Houston Capital Res. Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992) (applying the "clear record of delay or contumacious conduct" and lesser sanctions standards to a dismissal under Rule 16(f)). In addition, in "most cases" where the Fifth Circuit has affirmed dismissals with prejudice, whether under Rule 16(f) or Rule 41(b), the court has found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry*, 975 F.2d at 1191 (alteration in original) (internal quotation marks omitted); *see Bethel v. Woods Haven Senior Citizen Home Inc.*, 229 F.3d 1148, at *1 (5th Cir. 2000) (recognizing the applicability of these aggravating factors to dismissal pursuant to Rule 16(f)) (citing *Price*, 792 F.2d at 474; *Callip*, 757 F.2d at 1519).

The Court understands that Mr. De La Garza appears pro se, and particularly because of his previous counsel's death, the Court has diligently worked to give Mr. De La Garza every reasonable opportunity to prosecute this action. Nevertheless, despite its reticence to grant dismissal, the Court believes it is proper in this case. For the past approximately seven months, Mr. De La Garza has completely stopped any progress in this case by failing to heed the Court's orders, and failing to respond not only to Defendants' Motion to Dismiss, but also to the Court's own repeated inquiries. When Mr. De La Garza did appear at the Court's February 28th hearing, he was given one last extension in order to respond to the Motion to Dismiss, and was

unequivocally warned that if he did not do so, his case would be dismissed. The Court even explained that limitations may bar bringing suit again. That extension expired on March 15, 2014; the Court has not heard at all from Mr. De La Garza since the February 28th hearing.

The Court is thus persuaded that there exists a clear record of Mr. De La Garza causing significant delays in this case and of failing to obey multiple orders from this Court. In addition, particularly because he failed to respond by the Court's most recent deadline despite clear warnings of dismissal, the Court is also persuaded that there are no sanctions that would "prompt diligent prosecution" of this action. *Berry*, 975 F.2d at 1191. Further, the Court finds that the months-long delay in this case could have been caused only by Mr. De La Garza himself, because he was not represented by counsel. In view of these findings, and Mr. De La Garza's repeated failures to adhere to the Court's clear orders, the Court **GRANTS** Defendants' motion. Mr. De La Garza's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the eighth day of April, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE